UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MOHAMMAD FAROOQ AZIMI,

      Petitioner,

v.

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

      Respondents.

Case No. 3:26-cv-928-MMH-PDB

## ORDER

Petitioner Mohammad Farooq Azimi, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief (Doc. 1; Petition) on April 20, 2026. Azimi is a citizen of Afghanistan who entered the United States on February 15, 2024, and presented himself to immigration officials. Id. at 4. Azimi was detained, and the United States Department of Homeland Security (DHS) issued a notice of expedited removal. Doc. 6-1 at 1. He asserted a fear of persecution or torture, which the immigration officials found to be credible. Petition at 4; see Doc. 1-3 at 36. Therefore, on March 11, 2024, DHS issued Azimi a notice to appear, placing him in full removal proceedings under section 240 of the Immigration and

Nationality Act (INA) and directing that he appear before an immigration judge to show cause why he should not be removed from the United States on April 1, 2024. Doc. 6-3 at 1. He was released on an order of recognizance. Petition at 4. On December 1, 2025, United States Immigration and Customs Enforcement (ICE) detained Azimi following a regularly scheduled office visit. Doc. 6-4 at 5. The crux of Azimi's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 7–8. As relief, he seeks, among other things, immediate release, or alternatively, a bond hearing. Id. at 12.

Respondents filed a Response (Doc. 6; Response) arguing that the Court lacks jurisdiction over the Petition. Id. at 3–5. They further assert that they are detaining Azimi under 8 U.S.C. § 1225(b)(1)(B)(ii), which "mandates that [] Azimi be detained while his asylum petition is pending." Id. at 6. They classify him as an "arriving alien," id. at 7, and explain the process of expedited removal as follows:

> An arriving alien is served with an expedited removal order under § 1225(b)(1)(A)(i). If a credible fear of persecution or torture is raised, the arriving alien[] is referred for a credible fear interview. 8 U.S.C. §§ 1225(b)(1)(A)(ii), 1225(b)(1)(B). The results of the interview determine the next steps under the statute: either expedited removal or detention during consideration of the asylum application. If the officer determines that the alien does not have a credible fear, "the officer shall order the alien removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(B)(iii). But if the off[ic]er determines that the alien

2

does have a credible fear of persecution or torture, "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

Response at 6–7.

As noted above, when Azimi first entered the United States, DHS served him with a "Notice and Order of Expedited Removal," but the "Order of Removal" portion of the document is blank; the expedited removal order was never entered. Doc. 6-1 at 1. Instead, DHS issued Azimi a new notice to appear (Form I-862) which specifically acknowledges that Azimi is in removal proceedings under section 240 of the INA (8 U.S.C. § 1229a). Doc. 6-3 at 1.

The Court is satisfied it has jurisdiction over Azimi's claims. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026). As to the merits, the Court finds that Azimi is not properly detained under § 1225(b)(1)(B)(ii) as Respondents contend. While § 1225(b)(1)(B)(ii) requires mandatory detention following a positive credible fear finding,[1] ICE chose not to enforce that provision and instead, released Azimi on his own recognizance.

---

[1] "If the officer determines at the time of the interview that an alien has a credible fear of persecution[,] . . . . the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

3

The United States Court of Appeals for the Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Azimi, who was initially detained for expedited removal proceedings but released on his own recognizance after a positive credible fear finding, its reasoning applies to this case. Azimi was not seeking entry at the border when he was re-detained. See id. at *21 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA). Thus, his detention is properly governed by § 1226.

Because the Court finds that Azimi is not properly detained under § 1225(b)(1) as Respondents contend, and Respondents fail to address any alternative, the Court finds that release is the appropriate remedy. See Fonseca, 2026 WL 1072778, *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[2]).

---

[2] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL

Accordingly, it is **ORDERED**:

1.      Azimi's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief (Doc. 1) is **GRANTED**.[3] Respondents shall release Azimi **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Azimi's request for a preliminary injunction (Doc. 4) is **DENIED as moot**.

3.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

1072778, at *5. Here, Respondents did not include that statement in their Response. But the Court still finds that release is appropriate here. Respondents certify that they are holding Azimi under § 1225(b)(1), see Response at 3, and the Court finds that § 1225(b)(1) does not apply. Thus, without any lawful basis for this detention, Azimi is entitled to immediate release.

[3] The Court need not address Azimi's remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Jax-9 6/1

c:      Counsel of record